### REEVES *v.* HATHCOCK.

[75 South. 384, Division B.]

1. CHATTEL MORTGAGE. *Sufficiency of evidence.    Value of property.*

In a suit by a trustee under a deed of trust covering a cotton crop to recover the value of a bale of cotton, evidence that about a bale of cotton was taken by defendant, that it was worth a certain sum per pound, and that in the usual bale of cotton there would be a specified amount of seed worth a certain amount, was proof sufficiently definite as to amount and value of the cotton taken to authorize a submission of the case to the jury.

2. CHATTEL MORTGAGES. *Sufficiency of evidence.*

In a suit by a trustee under a deed of trust covering a cotton crop to recover the value of cotton disposed of by the mortgagor, plaintiff is not required to prove that the mortgagor did not pay the proceeds of the converted cotton to his landlord, where the defendant did not interplead the lien holders.

APPEAL from the circuit court of Monroe county.
HON. CLAUDE CLAYTON, Judge.

Suit by W. J. Reeves, trustee, against Evans Hathcock. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Wiley H. Clifton,* for appellant.

The trustee was the proper person to bring this suit for the legal title to the cotton was vested in him by the deed of trust; and the fact that the mortgagor raised other cotton, not shown to have been assessable here, subject to the deed of trust is no defense to this action. *Barlow* v. *Brittain,* 70 Miss. 427; *Pollard* v. *Thomas,* 61 Miss. 150, Proposition 11. Waiver is the intentional relinquishment of a known right. 28 Am. & Ency. Law, p. 526; *Powell* v. *Smith,* 74 Miss. 152.

There is no such defense as laches in this state, for statutes of limitations alone bar rights of action, and unless the delay works an estoppel, it cannot be set up in bar of the suit. *Hill* v. *Nash,* 73 Miss. 861-2.

There is no testimony in this record to show any intention by J. S. Burdine to waive his lien on this cotton; and there is nothing in this short delay, which seems to have been secured at the instance of appellees, out of which an estoppel could arise.

Third proposition: The appellee, Evans Hathcock, had no interest in this claim for rent; and he could not set it up as a defense or plead it as a offset to this suit. *Ashley* v. *Carr,* 40 Miss. 64; *Hunt* v. *Shackleford,* 55 Miss. 94.

The words in the granting clause of the deed of trust, "except fifty dollars rent," merely preserves by contract between J. S. Burdine and W. B. Martin a landlord's lien for rent. The rights of the landlord to his superior lien for his rent as secured by statute and this recognition of the landlord's lien in the deed of trust conferred no additional rights on the landlord. Her lien and rights were the same independent of this collateral contract; and if she had herself been a party to the suit, she could only have recovered out of the cotton the fifty dollar rents. The value of the cotton is shown here to be ninety-two dollars and fifty cents, so under no aspect of the case can a peremptory instruction be sustained.

Proposition Four: We do not have to invoke the rule that on an appeal to this court on a peremptory instruction everything the testimony tends to establish will be taken as proven, for the proof of the conversation of the cotton by appellee, and its value is positive; nor is there any conflicting testimony in the case. *Hunt* v. *Shackleford,* 55 Miss. 97. It was error therefore to have given a peremptory instruction to appellee.

*M. C. Young,* for appellee.

The appellant must have consented for Martin to sell the cotton crop because he sits supinely by and allows it to be sold and makes no objection for a great while. His action in the matter proves that he meant that Martin should sell the cotton as agent and later, settle with appellant. If appellant did not intend to waive his right to see and know what became of the crop why did he not look after it at the proper time? The leading case on waiver controls that of *Powell* v. *Smith,* 74 Miss. 152, also *Priebetsch* v. *Baptist Church,* 66 Miss. 345.

2. The proof does not show any certain amount or quantity of cotton carried away by Evans Hathcock. The matter is mere speculation. The jury would not have any certain tangible proof to fix any sum as the value of the cotton. The witnesses did not know whether the cotton was packed or loose in the wagon and could not even guess at the number of pounds there were in the wagon. The jury must have proof of some reasonably certain sum or amount. *I. C. R. R.* v. *Short,* 74 So. 123.

3. The appellant by his own testimony shows that there was an exception of rent to the amount of fifty dollars and did not prove that it had been paid or was not paid out of this particular cotton here in controversy. By closing his case without making such proof, would have required the appellee to have proved it when it had not been shown by appellant that the cotton was subject to his lien. How can appellant say that appellee is deprived of the right to prove that this cotton went to pay this rent? His proof might show that it went directly for rent. He cannot be forced to pay the price twice, and appellant's duty was to show that it did not go to pay this rent.

4. The court will note that appellee objected to the introduction of the deed of trust unless the note on

which it was based was also produced. The note was not produced, and we think that appellant has failed to show any lien on that ground.

5.  The trial court ruled correctly when he refused to give appellant judgment because the appellee filed no counter affidavit to the affidavit filed by the plaintiff below with his statement of demand against defendant below; because this is an action for conversion in tort, *ex delicto*, and not *ex contractu*. The counter affidavit is only required when the account is an open account on contract and then it must be an open account in the ordinary meaning of the term. This is a statement of demand in tort. No pleadings are required in justice of the peace court as in a court of record, and they are tried on the same theory in the circuit court on appeal. Section 1978 of Code of 1906; *I. C. R. R.* v. *Andrews,* 61 Miss. 474; *American Surety Co.* v. *United S. Co.,* 76 Miss. 289; *Adams* v. *Insurance Co.,* 94 Miss. 433; *Finch* v. *Clark,* 61 N. C. 335; *Spellman* v. *Richmond* (D. R.), 28 Am, St. Rep. 858.

6.  We submit that the court should affirm this case; that all the facts shown by the testimony of the appellant are not sufficient to entitle him to a verdict or judgment, that he failed to meet the requirements of the law and right of the matter and that the motion should be sustained as to the granting of the. peremptory instruction in the court below, and we respectfully ask that the case be affirmed.

STEVENS, J., delivered the opinion of the court.

The brief record in this case reflects the following facts: That on February 13, 1909, one W. B. Martin executed a deed of trust upon his cotton crop for the year 1909 to W. J. Reeves, trustee, to secure an indebtedness of two hundred, sixteen dollars and fifteen cents owed one J. S. Burdine. In 1911, Reeves, the trustee instituted this action in a justice of the peace court to

recover from the defendant, Evans Hathcock, the value
of a bale of cotton, claimed to have been raised on
the Martin place in the year 1909, and purchased by the
defendant. After the trial of the case in the justice's
court, there was an appeal to the circuit court of Monroe county; and, on the trial of the case anew in the
circuit court, there was a motion to exclude the plaintiff's testimony, and to grant the defendant a peremptory instruction. This motion was by the court sustained, and, from the judgment entered in favor
of appellee Hathcock, this appeal is prosecuted.

The brief testimony offered on behalf of the plaintiff does show that W. B. Martin raised about seven
bales of cotton in the crop year 1909; that he and his
family picked and deposited in his house about a bale
of seed cotton; and that appellee Hathcock, early one
morning, came to Martin's place and loaded this seed
cotton in a wagon and hauled it away. Witness Sam
Cox, who lived about one hundred and twenty-five
yards from Mr. Martin, testified that Hathcock borrowed
a basket from the witness to use in loading the cotton;
that the wagon was equipped in the usual way for
hauling cotton; that appellee "come and loaded a bale
of cotton early one morning at Will's residence;" that
"it looked like a fair load, about a good bale of cotton, I
think;" that it was raised and picked on Martin's
place and was Martin's cotton; that cotton was worth
that year fourteen cents a pound; that in the usual bale
of cotton there would be thirty-two bushels of seed
worth thirty-five cents or forty cents a bushel.

The motion by the defendant to exclude the testimony assigns the following reasons: First, that the
plaintiff lost the benefit of his lien by "laches, acquiescence and consent;" second, because the plaintiff
had not shown any certain quantity of cotton taken;
and, third, because it was not shown that fifty dollars
rent was not paid out of the proceeds of this particular

bale of cotton. On the first reason assigned, there is no proof either that the trustee or the beneficiary consented for Martin to sell the cotton, and there was no showing that either did anything from which an estoppel could be inferred. We think the proof sufficiently definite as to the amount and value of the cotton taken to authorize a submission of the case to the jury. The failure of plaintiff to show whether the fifty dollars rent due the landlord had been taken care of had no bearing upon the issue in this case unless the defendant had interpleaded the lienholders.

*Reversed and remanded.*